# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50088 | **DATE** | 7/31/2003 |
| **CASE TITLE** | APPLIED SOLUTIONS, INC. vs. PLEWS/EDELMANN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, ASI's motion to dismiss counts I, II and III are denied, and ASI's motion to strike the prayers for relief in counts I, II and III are also denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUL 3 1 2003 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 7-31-03 | |
| /SEC | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Applied Solutions, Inc. ("ASI"), a consulting firm, offered to develop a warehouse design plan for defendant Plews/Edelmann ("Plews") on or about January 15, 1999. Plews, which designs, manufactures and distributes automotive parts and tools, has a warehouse in Dixon, Illinois, which was the subject of the proposal. Plews accepted the January 15 proposal, which culminated in a Final Design Review meeting on June 10, 1999. Plews admits that ASI fulfilled the terms of the January 15 proposal. After this initial plan was drawn up, Plews and ASI continued to work together during the implementation of ASI's recommendations, which lasted from June 11, 1999 to August 31, 2001. On February 14, 2002, ASI filed a claim in state court in Illinois alleging breach of contract and quantum meruit, both based on ASI's claim that Plews failed to pay $131,303.96 of its outstanding balance. Plews removed the case to federal court on March 14, 2002 and filed its amended counterclaim on January 29, 2003. In its counterclaim Plews alleges breach of contract, negligent misrepresentation and violation of the Illinois Consumer Fraud and Deceptive Business Practice Act ("ICFA"). These allegations are based on Plews' claims that ASI overcharged, misrepresented its expertise, and provided advice that made the Dixon warehouse more inefficient than it was before ASI's recommendations were implemented. On March 5, 2003, ASI filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss the counterclaim and a motion to strike the relief requested under each section of the counterclaim, both of which are currently before this court. Jurisdiction is proper under 28 U.S.C. § 1332, as ASI is a Pennsylvania corporation with its principal place of business in York, Pennsylvania, Plews is a Delaware corporation with its principal place of business in Denver, Colorado, and the amount in controversy exceeds $75,000. Illinois law applies. See Checkers Eight Ltd. P'ship. v. Hawkins, 241 F.3d 558, 561 (7th Cir. 2001).

First, ASI argues the voluntary payment doctrine prevents Plews from recovering any money it may have overpaid. "Illinois recognizes the traditional defenses to the voluntary payment doctrine - fraud and mistake of fact . . . [I]llinois has also recognized the defense of coercion . . . ." Randazzo v. Harris Bank Palatine, 262 F.3d 663, 668 (7th Cir. 2001). While Plews does not claim the payments were made due to fraud or coercion, it does allege the payments were made based on a mistake of fact. Plews claims it overpaid ASI by at least $250,000. It further alleges these payments were made without corporate authority and lacked supporting documentation. Although ASI is correct in its assertion that relying on another party's interpretation of a contract does not constitute a mistake of fact, see Randazzo at 670-72, Plews also alleges it paid for services which were unsupported by any sort of documentation. Reading the complaint in a light most favorable to the plaintiff, Plews' allegation of work done without documentation suggests ASI charged for work it never completed and, if Plews had been aware of this fact, would not have paid ASI in the first place. Under Illinois law, this allegation, assuming it is true, satisfies the mistake of fact exception to the voluntary payment doctrine. Therefore, Plews is allowed to proceed with its breach of contract claim in its entirety. See Board of Education v. Holt, 41 Ill. App. 3d 625, 626, 354 N.E.2d 534, 535 (Ill. App. Ct. 1976); Minnesota Mut. Life Ins. Co. v. Starkman, 1996 U.S. Dist. LEXIS, No. 94 C 4101 (N.D. Ill. 1996).

Turning to Plews' breach of contract claim, "[t]o state a claim based on the negligent misrepresentation exception to Moorman, plaintiff must demonstrate that: (1) defendant is in the business of supplying information for the guidance of others in their business dealings; (2) defendant provided information that constitutes a misrepresentation; and (3) defendant supplied the information for guidance in the plaintiff's business dealings." Tolan & Son v. KLLM Architects, 308 Ill. App. 3d 18, 241 Ill. Dec. 427, 719 N.E.2d 288, 296 (Ill. App. Ct. 1999). In its counterclaim Plews alleges that ASI is in the business of supplying information and claims ASI's areas of expertise include "operations analysis for manufacturing, distribution and logistics; facility planning and design; material handling system engineering; warehouse management and data collection systems; specifications and bid analysis for retail systems; [and] installation and systems integration project management." (Def. Amend. Counterclaim, p. 2) Plews also alleges ASI is "an independent consulting firm," which, if true, suggests ASI "is in the business of supplying information." Plews also states, "contrary to the representations in its proposal, ASI did not 'define the appropriate storage technologies, systems and procedures required to significantly increase the efficiency and capacity of the . . . facility.'" (Def. Amend. Counterclaim, p. 5) Given the liberal nature of federal pleading requirements, Plews satisfactorily alleges that ASI misrepresented its expertise. Finally, Plews claims that the information supplied by ASI was for the purpose of improving the efficiency of the Dixon warehouse, which constitutes "guidance in the plaintiff's business dealings."

Furthermore, ASI does not argue that Plews' counterclaim lacks any of the requisite elements of the Moorman exception. Instead, ASI argues the Moorman exception is inapplicable since its dealings with Plews did not relate to a third party. Although some Illinois appellate courts have referred to an additional third-party requirement, the Illinois Supreme Court has made it abundantly clear this is not a requirement of the Moorman exception: "This court has never included an additional requirement that those business transactions must be made specifically with third parties . . . Appellate court decision that refer to an additional third-party requirement are overruled on this point." Fireman's Fund Ins. Co. at 165-66 (specifically overruling Black, Jackson & Simmons Ins. Brokerage, Inc. v. IBM).

As to Plews' ICFA claim, "[t]he elements of a claim under the Consumer Fraud Act are: (1) a deceptive act or practice by defendant; (2) defendant's intent that plaintiff rely on the deception; and (3) that the deception occurred in the course of conduct involving trade and commerce . . . [t]he Illinois Consumer Fraud Act should be liberally construed." Kelly v. Sears Roebuck & Co., 308 Ill. App. 3d 633, 641, 242 Ill. Dec. 62, 720 N.E.2d 683, 690 (Ill. App. Ct. 1999). ASI's allegation that Plews is not a "consumer" under ICFA is incorrect. "The Act defines 'consumer' as any person who purchases merchandise not for resale in the ordinary course of his business. (815 ILCS 505/1(e)). 'Merchandise' includes services. (815 ILCS 505/1(b)). 'Person' includes a partnership, corporation or business entity. (815 ILCS 505/1(c)). Thus, plaintiff fits the broad statutory definition of a consumer. The fact that both parties to the transaction are business entities does not render the Act inapplicable." Law Offices of William J. Stogsdill v. Cragin Fed. Bank for Sav., 268 Ill. App. 433, 437, 206 Ill. Dec. 559, 645 N.E.2d 564, 566-67 (Ill. App. Ct. 1995).

ASI also argues that Plews' claims describe a simple breach of contract, which is not governed by the ICFA. While ASI is correct in its assertion that the ICFA is inapplicable to a breach of contract claim, Plews alleges more than just a simple breach of contract. See Hartmax Corp. v. JBA Int'l Inc., 2002 U.S. Dist. LEXIS 4294, *24, No. 99 C 4874 (N.D. Ill. 2002). Plews does not only allege ASI failed to uphold its end of the bargain. Plews specifically claims ASI "engaged in a deceptive practice by overstating its expertise and misrepresenting the advice and information it could give Plews/Edelmann with respect to the warehouse design master plan." (Def. Amend. Counterclaim, p. 5) As a result, Plews' complaint is, "at its core," more than a claim of breach of contract. It also bears noting the parties are only at the pleading stage. Consequently, Plews is "required only to identify the alleged misrepresentations, not prove the statements were in fact false or deceptive . . . [A]t this stage in the game, [its] general allegation of injury is more than sufficient." Bell Enters. Venture v. Santanna Natural Gas Corp., 2001 U.S. Dist. LEXIS 23684 *14-15, No. 01 C 2212 (N.D. Ill. 2001).

ASI has also filed a motion to strike Plews' request for damages under each count of the complaint, based on the fact they exceed the amount ASI claims to have been paid for the second phase of consulting services. "The measure of damages for such breach is the amount which will compensate the injured person for the loss which either a fulfillment of the contract would have prevented or the breach of it has entailed . . . Thus, the person injured is, so far as it is possible to do so by a monetary award, to be placed in the position he would have been in had the contract been performed – but not in a better position." Litwin v. Timbercrest Estates, Inc., 37 Ill. App. 3d 956, 959, 347 N.E.2d 378, 380 (Ill. App. Ct. 1976). Under Illinois law Plews' damages are not limited to the amount it paid to ASI.

For the reasons stated above, both ASI's motion to dismiss and motion to strike are denied.